LOIS SALMON *v.* ROGER LEWIS ET AL.

COURT OF COMMON PLEAS    LITCHFIELD COUNTY    FILE NO. 13356

Memorandum filed December 8, 1971

*Smith, Cornell, Smith & Mettling,* of Torrington, for the plaintiff.

*Wall, Wall & Frauenhofer,* of Torrington, for the defendants.

SPONZO, J. The plaintiff moves for an order requiring the defendants to allow the plaintiff and/or her representatives to enter upon their premises and make soil testings and obtain soil samples.

Section 168 of the Practice Book, as amended, allows any party to any civil action to request, by motion, any other party "(1) to answer . . . , or (3) to give opportunity for the inspection, copying or photographing of any process, operation, or property, real or personal, including property which it is not practicable to produce in court . . . ."

This action involves an alleged wrong to the plaintiff's real property, the plaintiff representing that

foreign material from the defendants' property is being deposited on the plaintiff's real property illegally. It would appear that it is necessary that the plaintiff be allowed to sample the defendants' property in order to determine and seek evidence to substantiate her allegations at the time of trial.

Discovery has three main uses: (1) narrowing the issues; (2) obtaining evidence for use at the trial; and (3) obtaining information that might lead to evidence that can be used at the trial. Stephenson, Conn. Civil Proc. (2d Ed.) § 135.

Historically, Connecticut has been liberalizing its rules relative to discovery and inspection. Section 168 of the Practice Book was amended as recently as June 7, 1971, to take effect on September 1, 1971.

The problem or issue with the motion under consideration involves the meaning of the word "inspection." Black, Law Dictionary (4th Ed.) defines inspection as a "critical examination, close or careful scrutiny, a strict or prying examination, or an investigation." In *People* v. *Compagnie Generale Transatlantique*, 10 F. 357, 362, it is pointed out that an inspection is an examination of certain articles made subject by law to such examination, to ascertain their fitness for commerce. There appears to be no reason why our rule should not be interpreted to include an inspection of real property by taking samples of soil or by testing.

This motion is granted subject to a further hearing to ascertain the type of machinery to be permitted on the defendants' property, as well as the nature of the testing, the amount of soil to be taken, the time period in which the testing or inspection is to take place, and the protection to be afforded to the defendants in the event of any injury or damage to the defendants' property during the course of the inspection.